**UNITED STATES of America Plaintiff,**

**v.**

**Chance MARTIN Defendant.**

**No. CRIM.A. 03–10004–WGY.**

United States District Court,
D. Massachusetts.

Sept. 30, 2003.

Timothy Q. Feeley, United States Attorney's Office, Boston, MA, for USA, Plaintiff.

George C. McMahon, Law Offices of George C. McMahon, North Quincy, MA, for Chance Martin (1), Defendant.

*MEMORANDUM*

YOUNG, Chief Judge.

The Defendant in this case, Chance Martin ("Martin") moved to suppress evidence and all derivative fruits seized pursuant to a search warrant authorizing agents of the Bureau of Alcohol, Tobacco & Firearms ("ATF") to search his residence [Docket No. 18]. Martin argues that the warrant violated the Fourth Amendment by failing to establish probable cause and that the *Leon* good faith exception should not be applied under the circumstances of the case. *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); Def.'s Mem. in Support [Docket No. 19] at 1. Specifically,

Martin contends that the affidavit supporting the search warrant sworn to by ATF Special Agent Michael Oppenheim ("S/A Oppenheim") contained insufficient indicia of the informant's reliability.

■ To determine the sufficiency of an affidavit, the court considers "whether the 'totality of circumstances' stated in the affidavit demonstrates probable cause to search the premises." *United States v. Barnard*, 299 F.3d 90, 93 (1st Cir.2002); *Illinois v. Gates*, 462 U.S. 213, 233, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The court approaches this task in a "practical, 'common sense' fashion" according deference to any reasonable inferences or findings of probable cause made by a magistrate. *United States v. Zayas–Diaz*, 95 F.3d 105, 111 (1st Cir.1996) (quoting *United States v. Bucuvalas*, 970 F.2d 937, 940 (1st Cir.1992)). Where an affidavit is based on information from an unnamed informant, indicia upon which to assess the informant's credibility must be included. *Barnard*, 299 F.3d at 93. The First Circuit has developed a non-exhaustive list of factors to consider when basing a probable cause determination on information from an informant. *Id.; Zayas–Diaz*, 95 F.3d at 111 ("None of the factors is indispensable; thus stronger evidence on one or more factors may compensate for a weaker or deficient showing on another.").

■ In this case, many of the factors supporting reliability are present. In addition to information that was easily knowable and non-incriminating, the informant provided detailed information about the two types of firearms Martin had at his residence. Aff. ¶ 6. This information was based on first-hand knowledge and "provided a link between the illegal activity observed and the place to be searched." *Barnard*, 299 F.3d at 94; *United States v. Caggiano*, 899 F.2d 99, 102–03 (1st Cir. 1990).

Moreover, the informant's identity was known to S/A Oppenheim and the informant had proven his reliability on two separate occasions by providing information to Boston Police (included in the affidavit) that resulted in recovery of firearms and soft armor and the apprehension of two fugitives. Aff. ¶ 5. Martin's argument that this information is insufficient to show reliability because the affidavit did not state that it led to an arrest or conviction, Def.'s Mem. in Support at 6, is misplaced. The First Circuit has based reliability determinations, in part, on information provided by an informant that did not necessarily lead to an arrest and conviction. *See e.g., United States v. Taylor*, 162 F.3d 12, 19 n. 3 (1st Cir.1998) (noting that reliability can be founded on information that does not necessarily lead to an arrest or conviction); *United States v. Schaefer*, 87 F.3d 562, 566 (1st Cir.1996) (finding reliability based on an affidavit stating that an informant had a proven track record and had assisted police in the apprehension of a drug felon); *United States v. Cochrane*, 896 F.2d 635, 641 (1st Cir.1990) (finding sufficient indicia of reliability based on a tip from an informant that resulted in the seizure of drugs and arrest but no conviction). Additionally, here, the magistrate reasonably could have inferred that the "apprehension of two fugitives" involved their arrest. *See Zayas–Diaz*, 95 F.3d at 111. Moreover, contrary to Martin's contentions, this is not the only information upon which the magistrate's determination was based.

Finally, the informant's information was corroborated to the extent "reasonable and practicable." *Zayas–Diaz*, 95 F.3d at 111 (noting that courts should consider whether some or all the informant's factual statements were corroborated "wherever reasonable and practicable"). Here, S/A Oppenheim verified practically all the in-

formation that could be checked via public records. He confirmed that Martin lived at the residence, that he drove a red Honda Civic, and that the informant could identify Martin from a booking photograph. He then reviewed Martin's criminal history records (information about which was included in the affidavit). While this corroboration may not have *by itself* made it "sufficiently likely that the issuing justice could have concluded that *the crucial part* of the [informant's] story—that defendant ... was storing at least one firearm at his home—was true," it did sufficiently reduce "the likelihood of lying or an inaccurate informant." *Barnard,* 299 F.3d at 94 (emphasis added). Moreover, this corroboration was not looked at in a vacuum, it was considered along with the other factors of reliability, which here all supported the informant's credibility. In sum, the Court finds that "the 'totality of circumstances' stated in the affidavit demonstrates probable cause to search the premises." *Barnard,* 299 F.3d at 93.

 Even if this Court had found otherwise—that there was an absence of probable cause supporting the search warrant—it still would not apply the exclusionary rule to the fruits of the search. In *Leon,* 468 U.S. 897, 104 S.Ct. 3405, the Supreme Court carved out an exception to the exclusionary rule when officers "acted in the objectively reasonable belief that their conduct did not violate the Fourth Amendment." *Id.* at 918, 104 S.Ct. 3405. The Court finds that "objectively reasonable belief" present here.

Martin argues that one of the various instances listed in *Leon,* in which suppression is deemed an appropriate remedy, applies. Specifically, he contends that the affidavit "was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Def.'s Mem. in Support (quoting *Leon,* 468 U.S. at 922, 104 S.Ct. 3405) at 8. This argument fails under the same analysis detailed above. Even if all of the indicia of reliability combined were insufficient for a magistrate actually to find probable cause— which the Court has found is not the case—the Court's analysis shows that the affidavit was not "so lacking in indicia" of reliability such that an official's belief that probable cause existed was unreasonable.

The foregoing, combined with the great deference that is accorded a magistrate's determination of probable cause, *see e.g., Zayas–Diaz,* 95 F.3d at 111; *United States v. Scott,* 83 F.Supp.2d 187, 190 (D.Mass.2000), supports the finding that the warrant established probable cause and contained sufficient indicia of the informant's reliability.

Accordingly, the Defendant's Motion to Suppress [Docket No. 18] was DENIED on September 25, 2003 [Docket No. 24].